UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY V. JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. LEBECK,<br><br>　　　　Defendant. | No. 2:17-cv-0556 AC P<br><br><br>ORDER |

I.　Introduction

Plaintiff is a state prisoner incarcerated at California State Prison Sacramento (CSP-SAC), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915.

Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4. For the reasons that follow, the court dismisses plaintiff's complaint without leave to amend, and denies as moot plaintiff's request to proceed in forma pauperis.

II.　Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

III. Screening of Plaintiff's Complaint

The allegations of plaintiff's complaint are brief, straightforward and directed at only one defendant: CSP-SAC Correctional Officer J. Lebeck. Plaintiff alleges that on September 27, 2016, defendant Lebeck attempted to provoke an altercation with plaintiff. Consistent with the

2

allegations of his underlying administrative grievance, see ECF No. 1 at 7-15, plaintiff makes the following allegations in his complaint, id. at 3 (with minor edits):

> On September 27, 2016 Officer J. Lebeck violated my First, Fourth, Eighth Amendment rights by attempting to provoke an altercation between an employee and an inmate. C/O Lebeck went into my sock and forcefully removed my eye patch, handed it to me and stated, "Do you have a problem, Jones?" I walked away to the table in an attempt to avoid a situation. C/O Lebeck then approached the table in an attempt to provoke me again by stating in an aggressive manner, "Do you have a problem? Do you?" C/O Lebeck then aggressively grabbed my educational books off the table and started to walk toward my cell, instructing me to return back to my assigned housing. While in my cell standing at the cell entrance C/O Lebeck then threw my education books at me aggressively landing on my feet and then turned and walked away. Responsibility of Employees § 3271: Every employee regardless of his or her assignment is responsible for the safe custody of the inmate.

Plaintiff also alleges that "[n]ow I am taking naproxen for the pain in my feet from C/O Lebeck violating [my] rights." Id. Plaintiff seeks "punitive damages, emotional damages, attorney fees, court costs, and injunctive relief." Id. at 6 (with minor edits).

Plaintiff does not explain the circumstances or purpose of the subject search, nor does he explain why his eye patch was in his sock. These allegations do not state a Fourth Amendment claim. "The Fourth Amendment prohibits only unreasonable searches[.]" Bell v. Wolfish, 441 U.S. 520, 559 (1979) (citing Carroll v. United States, 267 U.S. 132, 147 (1925)). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559. Within the prison context, "[t]he reasonableness of a particular search of a prisoner is determined by applying the balancing test the Supreme Court announced in Bell []." Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); accord, Turner v. Safley, 482 U.S. 78, 89 (1987) (same factors for assessing reasonableness of prison regulations).

///

The pertinent allegations of plaintiff's complaint do not assert that the subject search was unreasonable, lacked justification, or was anything other than routine. The alleged "forceful removal" of the eye patch from plaintiff's sock does not include allegations of improper touching or injury. Rather, plaintiff alleges that defendant merely "handed" the patch to plaintiff while making his inquiries. These allegations fail to demonstrate an improper search within the prison context.

Nor do plaintiff's allegations state a First Amendment claim. Plaintiff does not articulate how the challenged conduct of defendant Lebeck violated plaintiff's First Amendment rights, and the undersigned discerns no cognizable claim on that basis.

Plaintiff's putative Eighth Amendment claims fall into two categories, involving respectively defendant Lebeck's statements and his actions. Lebeck's alleged statements fail to state a cognizable claim. Even if Lebeck's repeated "aggressive" questioning was intended to be harassing or abusive, plaintiff does not allege that it rose to a threat of harm or endangerment. Nor do the facts, liberally construed, support an inference of harm or endangerment. "[V]erbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). A "mere threat" does not state a cause of action, even if it is "a threat to do an act prohibited by the Constitution." Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (threat of bodily harm did not state cognizable civil rights claim). Only verbal harassment intended to humiliate or endanger an inmate may violate the Constitution. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (declining to find cognizable Eighth Amendment claim based on verbal harassment because plaintiff did not allege that the officials "intended to humiliate him," that is, had a "sufficiently culpable state of mind," or that the conduct was "objectively harmful enough to establish a constitutional violation"); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended on denial of rehearing, 135 F.3d 1318 (9th Cir. 1998).

Defendant Lebeck's allegedly abusive conduct – forcefully removing the eye patch from plaintiff's sock, aggressively grabbing and throwing plaintiff's books – also fails to support a

cognizable excessive force claim. Although plaintiff alleges in his complaint that the landing of the books on his feet caused him pain that requires he "now" take naproxen, ECF No. 1 at 3, this allegation was absent from plaintiff's underlying prison grievances which spanned several weeks, see id. at 9, 10, 11, 13. Even if this allegation had been consistently made and is taken as true, however, it is insufficient to state a cognizable Eighth Amendment claim.

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. [¶] Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins , 559 U.S. at 37-8 (citations and internal quotation marks omitted).

In the present case, the alleged facts fail to support a reasonable inference that defendant's conduct or plaintiff's injury were "sufficiently serious," or that defendant engaged in the challenged conduct with a conscious disregard of risk to plaintiff's health or safety, Farmer v. Brennan, 511 U.S. 825, 834 (1994), let alone sadistically with the intent to cause harm, Hudson, supra.

Finally, defendant's alleged violation of state law does not support a federal civil rights action. Plaintiff claims that defendant Lebeck violated his state statutory rights under Cal. Code

5

Regs. tit. 15, § 3271.[1]  However, the alleged failure of prison officials to follow state prison regulations or procedures does not establish a federal civil rights violation under Section 1983. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.") (citing Sweaney at 1391).

For these several reasons, the undersigned finds that the complaint fails to state a cognizable claim under 42 U.S.C. § 1983, and the complaint will be dismissed on that basis.  The undersigned also finds that amendment of the complaint would be futile.  The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, the complaint will be dismissed without leave to amend, and plaintiff's application to proceed in forma pauperis will be denied as moot.

IV.     Summary

Your complaint will be dismissed without leave to file an amended complaint.  The allegations of the complaint fail to state any claim under the First or Fourth Amendments, and fail to state a cognizable claim under the Eighth Amendment.  You will not be granted leave to file an amended complaint because the conduct of defendant Lebeck that you challenge does not support a potentially cognizable civil rights claim.   Because you may not proceed with this action, the

///

---

[1] Cal. Code Regs. tit. 15, §3271 provides in full: "Every employee, regardless of his or her assignment, is responsible for the safe custody of the inmates confined in the institutions of the department." See also id., § 3004 (b): "Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence."

court will deny as moot your request to proceed in forma pauperis rather than require you to pay the filing fee over an extended period.

    V.    <u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is dismissed without leave to amend; and
2. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is denied as moot.

DATED: September 21, 2017.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE